**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Nicholas Tonery, on behalf of himself and all other persons similarly situated, | DOCKET NO. 19-cv-7204 |
| Plaintiff, | **COMPLAINT** |
| - vs. - | |
| Sycamore Lee Corp. d/b/a Sycamore and Kathie Jung Lee, | |
| Defendants. | |

Plaintiff Nicholas Tonery, by and through his undersigned attorneys, for his complaint against defendants Sycamore Lee Corp. d/b/a Sycamore and Kathie Jung Lee, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1.  Plaintiff Nicholas Tonery alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Sycamore Lee Corp. d/b/a

Sycamore and Kathie Jung Lee, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Tonery further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iii) compensation for defendants' failure to pay all wages owed; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violations of the Wage Theft Prevention Act.

**THE PARTIES**

3.    Plaintiff Nicholas Tonery is an adult individual residing in Brooklyn, New York.

4.    Mr. Tonery consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.    Upon information and belief, defendant Sycamore Lee Corp. d/b/a Sycamore ("Sycamore") is a New York corporation

with a principal place of business at 1118 Cortelyou Road, Brooklyn, New York.

6.   At relevant times, defendant Sycamore Lee Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a).

7.   Upon information and belief, at all relevant times, Sycamore has had gross annual revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, Sycamore has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, defendant Kathie Jung Lee is an owner or part owner and principal of Sycamore, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

10.  Defendant Kathie Jung Lee was involved in the day-to-day operations of Sycamore and played an active role in managing the business.

11.  For example, defendant Kathie Jung Lee hired plaintiff (and other employees), set his pay, and set employee recordkeeping policies.

12.   Defendants constituted "employers" of Mr. Tonery as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Tonery's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over Mr. Tonery's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

15.   Pursuant to 29 U.S.C. § 206, Mr. Tonery seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since December 9, 2016, to the entry of judgment in this case (the "Collective Action Period"), who were bar employees, and who were not paid statutory minimum wages (the "Collective Action Members").

16.   The Collective Action Members are similarly situated to Mr. Tonery in that they were employed by

defendants as non-exempt bar employees, and were denied payment at the statutory minimum wage.

17. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage.

18. Mr. Tonery and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

19. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

20. At all relevant times herein, defendants owned and operated a bar in Brooklyn.

21. Mr. Tonery was employed at Sycamore from approximately September 2017 through July 2018.

22. Mr. Tonery was employed as a bartender.

23. Mr. Tonery's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

24. At all relevant times herein, Mr. Tonery was an employee engaged in commerce and/or in the production of goods

for commerce, as defined in the FLSA and its implementing regulations.

25.  Mr. Tonery's schedule varied over time, but he typically worked two or three shifts per week.

26.  The length of those shifts varied depending on the day of the week, but generally lasted between seven and nine hours.

27.  As a result, Mr. Tonery typically worked between 15 and 24 hours per week.

28.  Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

29.  Mr. Tonery was paid $7.50 per hour in 2017, and $8.65 per hour in 2018, for the hours for which he was paid.

30.  However, he was not paid for all of his hours.

31.  Although Mr. Tonery worked shifts of between 7 and 9 hours, he was regularly paid for just 3.5 hours per shift.

32.  As a result, Mr. Tonery's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

33.  In addition to his pay, Mr. Tonery generally received tips for his work.

34.  However, defendants never provided Mr. Tonery with any notices or information regarding the "tip credit."

35.  Upon information and belief, defendants did not keep records of all of the tips received by Mr. Tonery.

36.  Defendants' failure to pay Mr. Tonery an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

37.  Defendants failed to pay Mr. Tonery all of his wages.

38.  Defendants' failure to pay Mr. Tonery wages for all hours worked was willful, and lacked a good faith basis.

39.  Mr. Tonery was paid by check, and he received paystubs.  However, those paystubs did not reflect all of the hours that he worked.

40.  During his employment Mr. Tonery occasionally worked a double shift when he was covering for another employee; when he did so, that resulted in his working in excess of ten hours from start to finish in a day, and yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

41.  Defendants failed to provide Mr. Tonery with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants'

contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

42. Defendants failed to provide Mr. Tonery with accurate weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

43. Upon information and belief, throughout the period of Mr. Tonery's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Tonery (the Collective Action Members) in positions at defendants' bar that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

44. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages.

45. Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to

the minimum wage, in violation of the FLSA and the New York Labor Law.

46. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

47. Upon information and belief, these other individuals were paid at the same rates as Mr. Tonery, but also not paid for all of their hours worked.

48. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

49. Upon information and belief, while defendants employed Mr. Tonery and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

50. Upon information and belief, while defendants employed Mr. Tonery and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

51. Mr. Tonery, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, defendants employed Mr. Tonery and the Collective Action Members within the meaning of the FLSA.

53. Defendants failed to pay a salary greater than the minimum wage to Mr. Tonery and the Collective Action Members for all hours worked.

54. As a result of defendants' willful failure to compensate Mr. Tonery and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

55. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

56. Due to defendants' FLSA violations, Mr. Tonery and the Collective Action Members are entitled to recover from

defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

57.  Mr. Tonery repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58.  At all relevant times, Mr. Tonery was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59.  Defendants willfully violated Mr. Tonery's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

60.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61.  Due to defendants' New York Labor Law violations, Mr. Tonery is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law — Spread of Hours)

62.  Mr. Tonery repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63.  At all relevant times, Mr. Tonery was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64.  Defendants willfully violated Mr. Tonery's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

65.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

66.  Due to defendants' New York Labor Law violations, Mr. Tonery is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law — Failure to Pay Wages)

67.  Mr. Tonery repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68.  At all relevant times, Mr. Tonery was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69.  Defendants willfully violated the rights of Mr. Tonery by failing to pay him his full wages earned for all hours worked, in violation of, inter alia, New York Labor Law § 191.

70.  Defendants' failure to pay all wages owed was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71.  Due to defendants' New York Labor Law violations, Mr. Tonery is entitled to recover from defendants damages for unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

72.   Mr. Tonery repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

73.   At all relevant times, Mr. Tonery was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74.   Defendants willfully violated Mr. Tonery's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

75.   Defendants willfully violated Mr. Tonery's rights by failing to provide him with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

76.   Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Tonery is entitled to recover from the defendants statutory damages of $250 per day throughout his employment, up to the maximum statutory damages.

77.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Tonery is entitled to recover from the defendants statutory damages

of $50 per day throughout his employment, up to the maximum statutory damages.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Tonery respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Tonery and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage pursuant to 29 U.S.C. § 216;

f. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g. Compensatory damages for failure to pay all wages owed;

h. Liquidated damages for defendants' New York Labor Law violations;

i. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and postjudgment interest;

      m.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      n.   Such other, further, and different relief as this Court deems just and proper.

Dated:  December 9, 2019

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an FLSA collective action*

17

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sycamore Lee Corp, and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Mr. Nicholas Tonery

Date:  October 19, 2018