# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this ___ day of May 2020, between Nicholas Tonery ("Plaintiff") and Sycamore Lee Corp. d/b/a Sycamore and Kathie Jung Lee (hereinafter collectively referred to as "Defendants") (collectively Plaintiff and Defendants are referred to as the "Parties").

**WHEREAS** Plaintiff alleges that he was employed by Defendants as a bartender from approximately September 2017 through July 2018; and

**WHEREAS** Plaintiff, through his counsel, Samuel & Stein, has filed an action in the United States District Court, Eastern District of New York ("the Court"), under Docket No. 19-cv-7204, (the "Action") alleging, *inter alia*, violations by defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, as well as violations under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

**WHEREAS** Defendants deny all of the material allegations asserted by Plaintiff in his Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties desire to resolve and settle the Action in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Settlement Payment and Other Consideration**

    a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of $25,000 (the "Settlement Sum"), in installments as set forth in Paragraphs 1(b) – 1(f) below.

    b. The specific amounts payable to Plaintiff and to Plaintiff's Counsel shall be as set forth in the Rider attached to this Settlement Agreement, which is incorporated by reference into this Settlement Agreement.

    c. The checks payable to Plaintiff shall be subject to all withholding required by Federal and New York State law. For purposes of tax withholding, 50% of plaintiff's portion of the Settlement Sum shall be deemed wage income subject to W-2 tax treatment, and 50% of plaintiff's portion of the Settlement Sum

shall be deemed non-wage income in the form of alleged liquidated damages subject to 1099 tax treatment. Defendants shall deduct all appropriate and necessary taxes from the aforementioned wage payments and shall pay the applicable employer portion of the taxes due. Plaintiff shall be responsible for his share of all taxes, interest, or penalties, if any, due as a result of payments to him. Plaintiff shall be provided with appropriate tax withholding statements as required by law.

    d. Payments due under this Agreement shall be made in two (2) installments. The first installment, in the amount of $12,500, shall be made so that it is **received** by May 22, 2020. The second installment, in the amount of $12,500, shall be made so that it is **received** by June 22, 2020.

    e. If, for any reason, including, but not limited to, delays in the drafting and/or execution of the settlement agreement, the discontinuance of the Action has not been "So Ordered" by the Court prior to the due date of any payment hereunder, any such payment which would otherwise be required to be paid shall be paid to defense counsel, who shall retain such payments in escrow until the discontinuance is "So Ordered", and defense counsel shall thereupon make any payment to Plaintiff's counsel which would otherwise have been due. Any failure to pay such payment into escrow by the due date hereunder, or any failure to pay Plaintiff's counsel within 3 business days after the discontinuance is "So Ordered" shall constitute a default hereunder, provided however, that this provision can never operate to accelerate those dates of any of the payments provided for above.

    f. All payments specified above shall be delivered to Samuel & Stein at the address specified in Paragraph 15, or shall be wired to the Samuel & Stein attorney trust account. Plaintiff's counsel shall be responsible for disbursing these monies according to the terms of this Agreement, upon receipt of each installment payment from Defendants

    g. All monies due and payable under this Settlement Agreement shall be paid in the form of guaranteed, certified funds (e.g., certified check, cashier's check, or money order), wire transfer, business check, or attorney trust account check or payroll check. In the event that any payment issued by Defendants pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, Defendants shall reimburse Plaintiff and/or Plaintiff's counsel for any bank fees incurred as a result of the returned check(s).

    h. Except as provided above, each Party shall bear the Party's own costs and fees.

2. **Releases.**

    a. In consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and his successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them

hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) defendants' failure to pay any wages owed to plaintiff; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

b. Plaintiff hereby expressly consents that the release contained in Paragraph 2(a) shall be given full force and effect according to each and all of its express terms and provisions. Plaintiff hereby expressly acknowledges that he has been advised to review this Agreement and the release that it contains with an attorney, that he understands and acknowledges the significance and consequences of said release, and that he understands and acknowledges that without such provision, Defendants would not have entered into this Agreement or provided Plaintiff with the payments and benefits described in Paragraph l.

c. This release shall not affect or limit: (a) any claims that may arise after the date Plaintiff signs this Agreement; (b) Plaintiff's right to enforce the terms of this Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement.

d. Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiff from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or

3

      any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.

    e. The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

3. **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date").

4. **Non-Admission**

The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiff of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

5. **Successors and Assigns**

Upon the merger or consolidation of the corporate defendant into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of the corporate defendant, this Agreement and Release shall bind and inure to the benefit of both the corporate defendant and the acquiring, succeeding, or surviving entity, as the case may be.

6. **Applicable Law; Forum Selection**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern. The Parties consent to the sole jurisdiction of the United States District Court for the Eastern District of New York for any

litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over Kings County.

7. **Execution in Counterparts; Facsimile signatures; Force and effect**

   This Agreement may be executed using facsimile or electronic signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Non-Disparagement; Neutral Reference**

   a. Plaintiff agrees not to make any false statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

   b. Defendants agree not to make any false statement about Plaintiff that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

   c. Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved.

9. **Breach; Cure; Enforcement**

   a. In the event of a breach of any provision of this Agreement, the non-breaching Party shall provide written notice to the breaching Party as provided for in Paragraph 15, and the breaching Party shall have five (5) days from receipt of the written notice to cure the aforementioned breach (the "cure period"). In the event a material breach of this Agreement still exists after the cure period has expired, the non-breaching Party shall be entitled to reasonable costs, attorneys' fees, and disbursements required in order to enforce this Agreement, in addition to any other relief a court deems just and proper.

   b. Failure to make scheduled payments within the cure period shall constitute a material breach and shall cause all remaining settlement balance owed by Defendants to Plaintiff and Plaintiff's Counsel under this Agreement to become

immediately due and payable, and shall entitle Plaintiff to apply for a default judgment before the United States District Court for the Eastern District of New York – or any other court of competent jurisdiction – against any and all Defendants without further notice for the accelerated amount of 200% of the Settlement Sum, less amounts already paid, along with reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, to be secured by a confession of judgment as specified in Paragraph 10(d). This amount is not a penalty, but reflects the actual and statutory damages and costs Plaintiff believes he could recover at trial.

c. Defendants agree to execute an affidavit of judgment by confession in conformance with C.P.L.R. § 3218(a), a copy of which is attached as Exhibit B. The affidavit shall be held by Plaintiff's counsel in escrow and may only be released back to Defendants upon written confirmation that the entire settlement sum has been paid. Plaintiff is authorized to file the confession of judgment should Defendants be in material breach of this Agreement. Plaintiff agrees that once all payments set forth in Paragraph 1 of this Agreement have been tendered, Plaintiff will destroy the executed affidavit of judgment by confession and all copies thereof and provide immediate written notice of same to Defendants.

d. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or the Parties' performance thereunder shall be entitled to reasonable attorneys' fees, disbursements, and costs, in addition to any other relief a Court deems just and proper.

## 10. No Retaliation

Consistent with their legal obligations, the Parties shall not retaliate against each other for participating in the Action and/or settlement.

## 11. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

## 12. Non-Waiver

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a

bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

13. **Interpretation**

    a. Construal. Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

    b. Severability. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

    c. Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

    d. Recitals. The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

14. **Representations and Warranties**

    a. Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

    b. Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.

    c. Plaintiff acknowledges and agrees that, at all times relevant to this Action and throughout the negotiation and execution of the Agreement, he has been well-represented by Counsel. Plaintiff further represents that, at his request, said

7

      counsel has explained and/or, as necessary, provided for the translation of the Agreement into a language requested by Plaintiff, including explaining the terms and conditions contained herein, such that Plaintiff fully understands the terms and condition of this Agreement.

   d. Plaintiff represents that, other than the Action, Plaintiff has not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or seek redress for any right or rights waived and/or released by this Agreement.

   e. Although the caption of the Action names the Plaintiff "Individually and on Behalf of All Other Persons Similarly Situated" as Plaintiff, Plaintiff represents that there are no other persons represented by Plaintiff, nor has any other plaintiff been joined in this action.

   f. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against the Defendants.

## 15. Notices

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first class mail, and shall be directed as follows, or to any other address designated in writing:

| Plaintiff: | Defendants: |
|---|---|
| David Stein, Esq. | Younghoon Ji, Esq. |
| Samuel & Stein | Ahne & Ji, LLP |
| 38 West 32nd Street, Suite 1110 | 1220 Broadway, Ste. 502 |
| New York, NY 10001 | New York, NY 10001 |
| Fax: (212) 563-9870 | Fax: (212) 967-1112 |
| dstein@samuelandstein.com | youngjiesq@gmail.com |

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission or email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

(REST OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE IMMEDIATELY FOLLOWS)

**16.** **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____
**Nicholas Tonery**
**Date:** __05.19.2020_____


**Sycamore Lee Corp.**


_____          _____
**By: Kathie Jung Lee**                             **By: Kathie Jung Lee**
**Date:**_____           **Date:**_____

16. **Signatures**

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

_____
Nicholas Tonery
Date:_____


Sycamore Lee Corp.

_____[signature]_____                    _____[signature]_____
By: Kathie Jung Lee                       By: Kathie Jung Lee
Date:    5/20/20                          Date:    5/20/20

## RIDER TO SETTLEMENT AGREEMENT

Compensation to plaintiff and plaintiff's counsel shall be broken down as follows:

| Payee | Total | W-2 Portion of each Installment | 1099 Portion of each Installment |
|---|---|---|---|
| Nicholas Tonery | $16,298.00 | $4,074.50 | $4,074.50 |
| Samuel & Stein | $8,702.00 | - | $4,351.00 |

11

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Nicholas Tonery, on behalf of himself and all other persons similarly situated,

Plaintiff,

- vs. -

Sycamore Lee Corp. d/b/a Sycamore and Kathie Jung Lee,

Defendants.

DOCKET NO. 19-cv-7204 (JO)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff Nicholas Tonery ("Plaintiff"), and Defendants Sycamore Lee Corp. d/b/a Sycamore and Kathie Jung Lee ("Defendants"), that all of Plaintiff's claims in the Complaint in the above-captioned action are dismissed, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/its own costs and attorneys' fees.

Dated: May 19, 2020

SAMUEL & STEIN

By: David Stein
David Stein

38 West 32nd Street, Suite 1110
New York, NY 10001
(212) 563-9884
Attorneys for Plaintiff

AHNE & JI, LLP

By: 
Younghoon Ji

1220 Broadway, Suite. 502
New York, NY 10001
(212) 594-1035
Attorneys for Defendants

SO ORDERED:

_____

Hon. James Orenstein, U.S.M.J.

EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nicholas Tonery, on behalf of himself and all other persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　- vs. -<br><br>Sycamore Lee Corp. d/b/a Sycamore and Kathie Jung Lee,<br><br>　　　　Defendants. | DOCKET NO. 19-cv-7204 (JO)<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

State of New York　）
　　　　　　　　　） ss:
County of Kings　　）

  Kathie Jung Lee, personally and as an officer of Defendant Sycamore Lee Corp., being duly sworn, deposes and states as follows:

  1. I represent that I am an officer and shareholder of Defendant Sycamore Lee Corp., and that I have full authority to sign on behalf of Sycamore Lee Corp., and to legally bind it. I sign this Affidavit of Confession of Judgment both in my individual and corporate capacities, and we are referred to herein as Defendants.

  2. Sycamore Lee Corp. and I all have an actual principal place of business located at 1118 Cortelyou Road, Brooklyn, New York.

  3. This Confession of Judgment is for a debt justly due and owing to Plaintiff and/or his attorneys for the settlement of the matter in the United States District Court, Eastern District of New York (Docket No.: 19-CV-7204), entitled *Nicholas Tonery, et al. v. Sycamore Lee Corp. d/b/a Sycamore, et al.*

  4. Defendants jointly and severally hereby confess judgment in favor of Plaintiff and/or his attorneys and authorize entry thereof in the amount of $50,000.00 plus reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, less any monies paid by Defendants pursuant to the Settlement Agreement attached hereto as Exhibit A.

  5. Plaintiff and/or his attorneys shall have the right to enter judgment against the undersigned, jointly and severally, if we are in default pursuant to the Settlement Agreement.

  6. This confession of judgment may be filed in the United States District Court for the Eastern District of New York or the courts of the state of New York having jurisdiction over Kings County, New York.

7. This Affidavit may be executed using facsimile signatures with the same effect as if the signatures were original. A copy of our signatures on this Affidavit shall be acceptable in any action against me or Sycamore Lee Corp. to enter a judgment based on this Affidavit of Confession of Judgment.

*[signature]*

Sycamore Lee Corp.
By: Kathie Jung Lee

Sworn to before me this
20th day of May, 2020

*[signature]*

CLEMAND RAPHAEL
Notary Public - State of New York
No. 01RA6364628
Qualified in Kings County
My Commission Expires September 18, 2021

*[signature]*

Kathie Jung Lee, an individual

Sworn to before me this
20th day of May, 2020

*[signature]*

CLEMAND RAPHAEL
Notary Public - State of New York
No. 01RA6364628
Qualified in Kings County
My Commission Expires September 18, 2021